**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

KAMEL BURRIS,

    Movant,

v.                                                         Case No. 3:16-cv-05693
                                                          Case No. 3:14-cr-00067-1

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

Pending before the court is the Movant's Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 21) and Supplemental Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 26 and 32), which have been fully briefed. On April 17, 2019, the Supreme Court of the United States heard oral argument in *United States v. Davis*, No. 18-431, which addressed, *inter alia*, whether the residual clause found in 18 U.S.C. § 924(c)(3)(B) is void for vagueness, and whether a categorical or case-specific approach should be used in determining whether the crime that serves as the basis of a section 924(c) offense is a "crime of violence" under section 924(c)(3).

Movant's § 2255 motion asserts that, similar to the residual clause invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause contained in section 924(c)(3)(B) is void for vagueness, and that his underlying crime does not otherwise meet the definition of a "crime of violence" sufficient to sustain his conviction under section 924(c). Thus, the rulings in *Davis* will be instrumental to the court's determination of the Movant's claim and the court believes a stay of this matter pending that decision is warranted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In exercising discretion to stay a case, a court "must weigh competing interests." *Id.* at 255; *see also Central W. Va. Reg'l Airport Auth., Inc. v. Triad* Eng'g, No. 2:15-cv-11818, 2015 WL 6758233 (S.D. W. Va. Nov. 5, 2015) (Copenhaver, J.); *see also Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202–03 (5th Cir. 1983) ("We respect the trial court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants' and we give deference to the district court's judgment that the stay will avoid hardship and inequity, but we 'cannot abdicate our [role] ... to prevent the ossification of rights which attends inordinate delay.'").

The court carefully considers whether a stay pending resolution of *Davis* is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119-21 (9th Cir. 2000) ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy."). Because a decision in *Davis* is expected within the next few months, such a stay would not be indefinite. Furthermore, the decision in *Davis* will likely resolve the issues addressed in the Movant's motion and may inure to his benefit. Thus, a stay of these proceedings pending the decision in *Davis* would be in the interests of justice and judicial economy and will not prejudice the Movant.

For these reasons, it is hereby **ORDERED** that this matter is **STAYED** pending the issuance of the Supreme Court's decision in *United States v. Davis*, No. 18-431. The Clerk is directed to remove this case from the active docket pending further order of this court.

The Clerk is directed to mail a copy of this Order to the Movant and to transmit a copy to counsel of record.

ENTER: June 4, 2019

Dwane L. Tinsley
United States Magistrate Judge