IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

KAMEL BURRIS,

    Movant

v.                                                                                                        Case No. 3:16-cv-05693
                                                                                                                Case No. 3:14-cr-00067-1

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition. Pending before the court is the Movant's Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 21), based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015),[1] and two Supplemental Motions (ECF No. 26 and 32).

On June 4, 2019, following full briefing of the issues, this matter was stayed pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On June 24, 2019, the Supreme Court issued its decision in *Davis*, which extended the vagueness analysis used in *Johnson* to invalidate the residual clause in 18 U.S.C. § 924(c)(3)(B). Thus, it is now clear that the residual clause in section 924(c)(3)(B) is void for vagueness and that a categorical approach must be applied to determine whether a crime under section 924(c) is a crime of violence. *See*

---

[1] *Johnson* invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).

*also United States v. Simms,* 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (finding that the residual clause of section 924(c) is unconstitutionally vague).

In light of these decisions, this matter is now ready for resolution. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY** and return this matter to the active docket.

## RELEVANT PROCEDURAL HISTORY

On April 14, 2014, Kamel Buris (hereinafter "Defendant") pled guilty, pursuant to a written plea agreement (ECF Nos. 8 and 9), to one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), as set forth in a one-count Information (ECF No. 1). The Information specifically alleged that the underlying "crime of violence" for the § 924(c) charge was "robbery affecting interstate commerce" (also known as "Hobbs Act robbery"), in violation of 18 U.S.C. § 1951. (*Id.*) On July 28, 2014, Defendant was sentenced to a mandatory minimum five years in prison, and his Judgment was entered on July 29, 2014 (ECF No. 13). Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.[2]

On June 26, 2015, the Supreme Court decided *Johnson*, *supra*, holding that the ACCA's residual clause is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a new substantive rule that applies retroactively to cases on collateral review.

---

[2] Defendant's plea agreement contained a waiver provision that waived his right to file a direct appeal, so long as his sentence did not exceed the recommended guideline sentence of the mandatory minimum five years. The plea agreement also waived Defendant's right to collaterally attack his conviction and sentence unless such attack was based on a claim of ineffective assistance of counsel. (ECF No. 9 at 4-5).

On June 15, 2016, the Federal Public Defender was appointed to represent Defendant to determine whether he was entitled to any relief based upon *Johnson*. On June 23, 2016, Defendant, by counsel, filed the instant Emergency Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 21), asserting that his conviction and sentence under 18 U.S.C. § 924(c) violates due process, is a miscarriage of justice, and exceeds the district court's jurisdiction. Defendant, by counsel, subsequently filed two Supplemental Motions (ECF Nos. 26 and 32), expanding on his arguments for relief. The United States responded to the motion (ECF No. 28) and Defendant filed a Reply (ECF No. 29). As noted above, after full briefing, the undersigned stayed this matter pending the Supreme Court's decision in *Davis*. This matter is now ripe for adjudication.

## APPLICABLE STATUTORY AUTHORITY

Section 2255(a) of Title 28 provides as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> *(1) the date on which the judgment of conviction becomes final*; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such motion by governmental action; *(3) the date on*

> *which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (Emphasis added). Defendant's § 2255 motion is clearly untimely under § 2255(f)(1). Accordingly, here, any applicable relief may only be granted if Defendant meets the criteria under § 2255(f)(3).

## **DISCUSSION**

As noted by Defendant, § 924(c)'s definition of a "crime of violence" has two clauses. § 924(c)(3)(A), which is commonly referred to as the "force clause," includes offenses that have "has an element the use, attempted use, or threatened use of physical force against the person or property of another...." 18 U.S.C. § 924(c)(3)(A). The second clause, contained in § 924(c)(3)(B), is commonly referred to as the "residual clause," and covers offenses that "by [their] nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The § 924(c) residual clause is materially indistinguishable from the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which was invalidated in *Johnson*.

Defendant's § 2255 motion asserts that the residual clause contained in § 924(c)(3)(B), like that in the ACCA, is void for vagueness, and that the underlying offense of Hobbs Act robbery does not otherwise meet the definition of a "crime of violence" sufficient to sustain his conviction under § 924(c). Thus, he contends that his conviction and sentence should be vacated. However, as discussed below, Defendant's claim for relief is foreclosed by the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

As noted previously, in *Davis*, the Supreme Court found that the residual clause contained in 18 U.S.C. § 924(c)(3)(B) is void for vagueness under the same rationale as that used in *Johnson*,

and the Court further directed that a categorical approach is required to determine whether a particular offense is a crime of violence. 139 S. Ct. at 2327-2336. Thus, the residual clause cannot be used to find that Defendant's Hobbs Act robbery offense is a crime of violence to sustain Defendant's § 924(c) conviction.

*Davis* was a direct appeal, and the Supreme Court has not rendered an opinion on whether that decision is retroactive on collateral review, such that it could support relief under § 2255. Nonetheless, based upon the Supreme Court's decision in *Welch*, the undersigned will consider *Davis* to be retroactive on collateral review and will review Defendant's section 924(c) conviction and sentence thereunder. Because Defendant's motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his motion was timely under 28 U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

However, even presuming that *Davis* is retroactive on collateral review, Hobbs Act robbery is still, categorically, a crime of violence under § 924(c)'s force clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (finding that Hobbs Act robbery is categorically a crime of violence under § 924(c)'s force clause); *see also United States v. Waites*, 783 F. App'x 303 (4th Cir. Nov. 7, 2019); *United States v. Walker*, 782 F. App'x 293 (4th Cir. Oct. 31, 2019) (same). Thus, Defendant cannot demonstrate that his § 924(c) conviction was improper or unconstitutional.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Hobbs Act robbery under 18 U.S.C. § 1951 is categorically a crime of violence under 18 U.S.C. §

5

924(c)(3)(A), that Defendant was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A), and that his mandatory minimum sentence of five years for that conviction is not in excess of the maximum authorized by law or imposed in violation of the Constitution or laws of the United States. Therefore, Defendant is not entitled to any collateral relief under § 22555 on this basis.[3]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **LIFT THE STAY, REINSTATE** this matter to the active docket, **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 21) and his Supplemental Motions (ECF Nos. 26 and 32), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[3] Because Defendant is not entitled to any substantive relief, the undersigned declines to address the other reasons for dismissal argued by the United States.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

October 1, 2020

Dwane L. Tinsley
United States Magistrate Judge